UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 10-CV-10561-RGS

PETER MARINELLI, d/b/a Target Consulting
Group, and HORST KLEINBAUER

v.

TIMOTHY ALAN HILLS, Defendant;
TOWN OF STOUGHTON, DAVID M. COHEN,
and MANUEL CACHOPA, Reach-and-Apply Defendants; and
COLUCCI, COLUCCI, MARCUS & FLAVIN, P.C., and
UNITED STATES OF AMERICA, Plaintiffs by intervention

MEMORANDUM AND ORDER ON MOTION OF THE
UNITED STATES FOR SUMMARY JUDGMENT

December 23, 2010

STEARNS, D.J.

Plaintiffs Peter Marinelli, d/b/a Target Consulting Group, and Horst Kleinbauer, both creditors of defendant Timothy Hills, brought this action making claims to portions of a $100,000 tort award to Hills. The Law Firm of Colucci, Colucci, Marcus & Flavin, P.C., which represented Hills in the underlying personal injury litigation, and the United States thereafter intervened as plaintiffs. The United States and several other creditors of Hills have moved for summary judgment, each claiming a superior right to the funds. For the reasons that follow, the motion of United States for summary judgment will be ALLOWED.[1]

A federal tax lien arises when a delegate of the Secretary of Treasury makes an assessment for tax purposes. The lien continues until either the underlying liability is

---

[1] The United States does not dispute the claim of the Colucci Law Firm to the first $34,279.51 of the judgment. See Mass. Gen. Laws ch. 221, § 50; Cohen v. Lindsay, 38 Mass. App. Ct. 1, 4-5 (1995).

satisfied or it becomes unenforceable. See 26 U.S.C. §§ 6321, 6322. The lien attaches to all "property and rights in property, whether real or personal, belonging to [a delinquent taxpayer]," including after-acquired property. See 26 U.S.C. § 6321; Plymouth Sav. Bank v. U.S. Internal Revenue Serv., 187 F.3d 203, 206 (1st Cir. 1999). See also Glass City Bank v. United States, 326 U.S. 265, 267 (1945). On December 11, 2008, a Notice of Federal Tax Lien was filed with the District Court citing Hills' income tax liabilities for the 2003, 2004, and 2007 tax years.[2] See Suppl. Carroll Decl. ¶ 6. Notices of the tax assessments and demands for payment were properly served on Hills. See id. ¶ 3.

A federal tax lien attaches to any right to bring a cause of action (or its actual filing) belonging to a taxpayer. See United States v. Cent. Bank of Denver, 843 F.2d 1300, 1305 (10th Cir. 1988) ("[R]ight of possession to the chose in action . . . constitutes the taxpayer's property and [] is subject to a federal tax lien."); United States v. Citizens and S. Nat'l Bank, 538 F.2d 1101, 1105 (5th Cir. 1976) ("[A] chose in action is subject to levy as 'property' or 'rights to property.'"); Trs. v. Baldwin Steel Co., Inc., 2001 WL 1555539, at *6 (D. Mass. August 13, 2001) (finding that federal tax lien attached to taxpayer's contractual right to receive payment). The lien attaches to causes of action based on personal injury. See Hubbell v. United States, 323 F.2d 197, 200 (5th Cir. 1963). A federal tax lien is considered perfected when the lien arises. United States v. City of New Britain, 347 U.S. 81, 84 (1954).

This would seem to be the end of the matter but for the following. On April 17,

---

[2] In Massachusetts, Notices of Federal Tax Liens with respect to personal property are filed in the United States District Court. See 26 U.S.C. §§ 6323(f)(1)(A)(ii) and (f)(A)(B).

2

2007, plaintiff Kleinbauer brought a reach-and-apply action in the Norfolk Superior Court to enforce a money judgment against Hill's potential award. The Superior Court entered a preliminary injunction on Kleinbauer's behalf on May 1, 2007. Plaintiff Marinelli filed a similar reach-and-apply action in the Norfolk Superior Court on August 27, 2009. On September 1, 2009, the Superior Court granted Marinelli's motion for injunctive relief against any proceeds of Hill's lawsuit.

An equitable lien granted to a reach-and-apply creditor may take priority over certain earlier-in-time, state-law liens. However, an equitable lien does not give its possessor priority over a section 6321 federal tax lien as it does not render a reach-and-apply creditor a judgment lien creditor within the meaning of 26 U.S.C. 6323(a).[3] See Family First Bank v. Kusek, 657 F. Supp. 2d 258, 263 (D. Mass. 2009) ("In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved."), quoting 26 C.F.R. § 301.6323(h)-1(g); Smith Barney, Harris Upham & Co. v. Connolly, 887 F. Supp. 337, 345 (D. Mass. 1994) (holding that a creditor with a Massachusetts judgment who subsequently obtained an preliminary injunction with respect to that judgment at most had an equitable lien that was inchoate and, thus, inferior to the federal tax lien); United States v. Shearer, 243 F. Supp. 433, 434-436 (D. Mass. 1965) (finding that although a creditor who brought a reach-and-apply action, secured a judgment, and obtained a temporary restraining order, the resulting equitable lien did not make him a judgment lien creditor under federal law);

---

[3]Federal law determines the priority of competing federal and state-created liens. Progressive Consumers Fed. Credit Union v. United States, 79 F.3d 1228, 1234-1235 (1st Cir. 1996).

Smola v. Camara, 16 Mass. App. Ct. 908 (1983) (same). Because Kleinbauer and Marinelli do not qualify as judgment lien creditors under 26 U.S.C. § 6323(a), the federal tax liens take priority.

ORDER

For the foregoing reasons, the United States' motion for summary judgment (Dkt #30) is ALLOWED. The Kleinbauer and Marinelli motions for summary judgment (Dkt #24 and Dkt #34) are MOOT. Manuel Cachopa's motion to vacate default (Dkt #27) and motion for summary judgment (Dkt #28) are also MOOT. As of August 26, 2010, Hills owed the United States $58,958.55 in taxes. Taking into account the $34,279.51 owed in the first instance to the Colucci Law Firm,[4] the court believes that, with accrued interest, the judgment funds deposited with the court are now exhausted. The United States will file, within the next fourteen days, a proposed form of judgment, including any penalties and interest which have accrued on Hills' tax liabilities, as well as any prejudgment interest owing to the Law Firm.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[4]In light of the United States acknowledgment of the Law Firm's priority, the Law Firm's motion for summary judgment (Dkt #29) is also MOOT.